IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARNIE GIPSON, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1928-M |
| | ) | |
| DAVID BYRNES, et al., | ) | Referred to Magistrate Judge |
|       Defendants. | ) | for Pretrial Management |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a fee paid, *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff resides in Terrell, Texas. Defendants are Kaufman County Sheriff David Byrnes and Kaufman County Jail Administrator Carla Stone. Process was issued in this case.

Statement of Facts: Plaintiff alleges Defendants wrongfully confined Plaintiff at the Kaufman County Jail beyond the expiration of his sentence on August 29, 2005, until they ultimately released him on November 30, 2005. (Amd. Compl. at 2). Specifically he alleges that Defendants intentionally failed to release him on or about August 29, 2005, when TDCJ sent a teletype notice to Kaufman County directing that Plaintiff be released because he had fully discharged his twelve year sentence which was the basis for the parole violation hold/warrant.

(*Id.*). Plaintiff requests monetary relief. (*Id.*).

On January 22, 2008, Defendants filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). They argued the complaint was barred by the two-year statute of limitations and, alternatively, that it failed to plead a proper cause of action. Along with his response, Plaintiff filed a motion for leave to amend, which this court subsequently granted. In their reply, Defendants abandoned the statute of limitations defense, and raised a new basis for dismissal for failure to state a claim -- namely that Plaintiff failed to state a due process claim as a result of Defendants' failure to release him in a timely fashion.

<u>Findings and Conclusions</u>: A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Recently in *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)*,* the Supreme Court made clear that the *Conley* rule is not "the minimum standard of adequate pleading to govern a complaint's survival." 127 S.Ct. at 1968-69; *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1230 (2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

Defendants cannot establish that Plaintiff's complaint must be dismissed as a matter of law for failing to state a due process claim. Their argument is conclusory in the extreme, thus precluding any determination as a matter of law that the complaint fails to state a claim upon

2

which relief can be granted.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motion to dismiss (Docket # 9) be DENIED.

A copy of this recommendation will be transmitted to Plaintiff and Counsel for Defendants.

The referral of this case for pre-trial management will continue.

Signed this 18th day of July, 2008.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.