IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EARNIE GIPSON,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:07-CV-1928-M |
| | § | |
| **DAVID BYRNES, et al.,** | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on June 29,2 009, referring this case to the United States Magistrate Judge for pretrial management came on to be considered Defendants' motion for summary judgment filed on July 30, 2009, and the findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a fee paid, *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff Earnie Gipson ("Gipson") resides in Terrell, Texas.  Defendants are Kaufman County employees, Sheriff David Byrnes and Jail Administrator Carla Stone.  Process was issued in this case.

Statement of Facts:  Gipson complains Defendants wrongfully confined him at the Kaufman County Jail beyond the expiration of his sentence (on or about August 29, 2005), until they ultimately released him on November 30, 2005.  (Amd. Compl. filed Jul. 10, 2009, at 2).

Specifically he alleges that Defendants knew or should have known of the expiration of his sentence by September 21, 2005, when the Texas Department of Criminal Justice (TDCJ) sent a teletype notice to Kaufman County advising that Plaintiff would discharge his sentence that day. (*Id.*). Gipson requests compensatory and punitive damages. (*Id.* at 3).

On July 30, 2009, Defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56, along with an appendix. Gipson has not responded to Defendants' motion.

Findings and Conclusions: To prevail on a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986). Once the moving party has made an initial showing, the party opposing the motion for summary judgment may not merely rely on his pleadings, but must come forward with competent evidentiary materials that establish a genuine fact issue. *Anderson,* 477 U.S. at 256-257, 106 S. Ct. at 2514; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986).

Gipson has not responded to Defendants' motion for summary judgment. While his failure to respond does not permit the entry of a "default" summary judgment, the court has the authority to accept Defendants' evidence as undisputed. *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998) (holding a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim). Therefore, the court accepts Defendants' evidentiary assertions as undisputed. *See Ragas,* 136 F.3d at 458 (noting the court does not have the duty to sift through the record in search of

evidence to support a party's opposition to summary judgment); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 17 (5th Cir. 1992).

Insofar as Gipson is suing Defendants in their official capacities, his claims are treated as claims against Kaufman County. It is well established, that when an employee of a governmental entity is sued in his official capacity, the governmental entity is the real party in interest. *Hafer v. Melo*, 502 U.S. 21, 25-26, 112 S. Ct. 358, 362-63 (1991) (a suit against an official in his official capacity is not a suit against the official, but a suit against the official's office and the governmental entity or the state for which the official is an agent); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989).

A county cannot be held liable for a constitutional violation under a theory of vicarious liability or *respondeat superior*. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691-92, 98 S. Ct. 2018, 2036 (1978). Instead, liability may be imposed only where the county itself causes the constitutional violation at issue. *Id.* To prevail on a § 1983 claim against a county, the plaintiff must therefore demonstrate that the county acted pursuant to a policy or custom that was the cause of an alleged deprivation of rights protected by the Constitution. *Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403-404, 117 S. Ct. 1382, 1388 (1997).

Gipson's amended complaint is devoid of any allegations establishing a nexus between any unconstitutional act and Kaufman County. Gipson has not alleged the presence of any policy or a custom. Moreover, the summary judgment evidence establishes that Kaufman County had a policy of ensuring that individuals were lawfully detained. Under these circumstances, Sheriff Byrnes and Administrator Stone, in their official capacities, are entitled to judgment as a matter of law

Plaintiff's claim against the Defendants in their individual capacities fares no better. The

3

summary judgment evidence demonstrates that TDCJ did not notify Kaufman County until November 30, 2005, that Plaintiff had completed his sentence on September 21, 2005, and should be released from custody. (*See* Defendants' Appx. at 024-25 and at 029 ¶ 15, reflecting that the September 21, 2005 communication was transmitted by fax at 11:26 a.m. to the Kaufman County Jail booking department). Under these facts, neither Sheriff Byrnes nor Administrator Stone can be held liable in their individual capacities.

Gipson cannot show that either Byrnes or Stone was personally involved in his continued incarceration at the Kaufman County Jail after September 21, 2005. He admits that his only contact with Byrnes was a conversation which occurred on a date sometime prior to September 21st in which he asked Byrnes for information as to when he would be released (Gipson's deposition Defendants' Appx. at 058). Similarly, the only time he requested information from Stone about his release date was in a letter which she received from him and read upon her return from the Thanksgiving holiday in 2005. On the same date, November 30, 2005, in response to a telephone call from the jail, TDCJ sent the fax transmission relating that his discharge date under the TDCJ's authority was September 21, 2005 (Gipson's deposition, Defendants' Appx. at 061; Stone's affidavit, Defendants' Appx. at 032 ¶ 14). Under these undisputed facts Sheriff Byrnes and Administrator Stone, sued in their individual capacities, are entitled to summary judgment dismissing Plaintiff's complaint with prejudice.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment (Docket # 36) be GRANTED.

A copy of this recommendation will be transmitted to Plaintiff and counsel for Defendants.

Signed this 2nd day of September, 2009.

                                                  WM. F. SANDERSON, JR.
                                                  UNITED STATES MAGISTRATE JUDGE

### NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.